Steven Wayne Bonilla

J-48500, 3-EY-13

San Quentin, CA 94974

Petitioner

**FILED**

Jun 29 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Steven Wayne Bonilla,

Plaintiff,

vs

Clarance Don Clay

Jeffrey W. Horner

Yvonne Gonzaley Rogers

Beth Labson Freeman

Cathy Ann Bencievengo

Anthony J. Battglia

Janis L. Sammertino

Andrew G. Schopler

Barbara McAuliffe

Morrison C. England Jr.

Michael E. Dellastrillo

Stanley Dawson Arnold

Ruth Bermundez Montenegro

Jani Cantil-Sakauye

Mariano-Florentino Cuellar

Case No   4:20-cv-4304-PJH

Civil Rights Complaint
Pursuant to 28 USC § 1361.

1A

| | | | |
|---|---|---|---|
| Lydia M. Villarreal | Robert F. O'Neill | Carlos R. Gutierrez | Patricia Scanlo |
| Timothy P. Roberts | Joseph P. Brannigan | Alsia F. Jones | Anita L. Santos |
| Elia M. Ortez | Michael R. Smyth | Shelly J. Averill | David E. Goldstei |
| Francisca P. Fisher | Peter C Deddeh | Eloit Lee Daum | Charles B. Burch |
| Mark S. Boessenecker | Teri L. Jackson | Thomas D. Zeff | Clara Maier |
| Brian Hill | Garrett L. Wong | Brian Ross Aronson | Diana B. Becton |
| Julie Oliver | Brandon Conroy | Jonathan W Skillman | Barry Baskin |
| Candace Heidelberger | Elizabeth Humphreys | Elizabeth W. Johnson | Darren McElfresh |
| Cheri I. Pham | Seith R Hoyt Jr | Nathan G. Leedy | William H. Follett |
| Erick L. Larsh | William D Johnson | Donald Segerstrom | Robert F. Cochran |
| Jeffrey S. Penney | Jacqulyn A. Duffy | Ryan J. Wright | Suzanne N. Kingsbur |
| Ira P. Kaufman | Elizabeth K. Lee | Kent M. Kellegrew | Steven C. Bailey |
| Chad Firetag | Donald J. Ayoob | David Rosenberg | Jane York Pinneo |
| Charles E. Stafford Jr. | Brian E. Hill | Thomas D. Kolpacoff | James T. LaForte |
| Elaine Kiefer | Raimundo Moles de Oca | Ann Greth | Alvin M. Harrell |
| John D. Malloy | Linda R Clark | Rene C. Day | Kent Hamlin |
| Michael W. Sweet | Raymond Davilla Jr. | J S Hermanson | Dennis Peterson |
| Michael D. Bowman | Suzanne N. Kingsburys | James F. Reilly | J. Pettigrew |
| David De Alba | Joshua Weinstein | Robert A. Glusman | Donald Cole Byrd |
| Steven R. Sanders | Eric S. Geffon | Clare Keithley | Leonard J. L Casse |
| Gregory S. Savell | Kevin E. McKenney | Michael R. Deems | Joyce D. Hindricks |
| Glenn Yabuno | Beth McGowen | Kimberly Merrifield | Christopher Wilson |
| Keith S. Davis | Timothy Volkman | Stephen E. Benson | Christopher J Ploud |
| Steven R. Sanders | Cara L. Beatty | Kimberly Flener | Ming Chin |
| Robert O'Farrell | Charles H. Ervine | Timothy S. Healey | Carol Corrigan |
| Amalia L Meza | Ynette Durant | Grant V. Barrett | Joshua P. Grober |
| Charles G. Rogers | Lire J. Masunaga | Donald M. Sanders | Leondra R. Kruger |
| Estaban Herandez | William J. Davis | Jeffrey A Thompson | Goodwin Liu |

1B

| | | | |
|---|---|---|---|
| Claudia Wilken | Kendal J. Newman | Thomas De Santos | Andrew K. Wallin |
| Jeffrey S. White | Troy L. Nunley | Andrew S. Blum | Coleman A. Blease |
| Vince G. Chhabria | John A. Mendez | William C. Ryan | Judith D. McConnel |
| Richard Seeborg | William B. Shubb | Thomas S. Bender | Manuel A. Ramir |
| Joseph C. Spero | Dennis M. Coto | Joseph A. Soldani | Marsha G. Slough |
| Howard R. Lloyd | Craig M. Kellison | Dale J. Blea | Brad R. Hill |
| Dolly M. Gee | Carolyn K. Delaney | Kelly V. Simmons | Rosendo Peña Jr. |
| Jean Rosenbluth | Kimberly J. Mueller | Faye D. Opal | Bruce M. Smith |
| Virginia A. Phillips | David O. Carter | Paul M. Haakenson | Jennifer R. Detje |
| Percy Anderson | Eric P. Grosjean | Dana Walton | Donald R. Franson |
| Erik L. Larsh | Deborah L. Barnes | Michael A. Fagalde | Franklin Daniel El |
| M. Plummer | Stanley A. Boone | Cindy F. Mayfield | Nathan D. Mihara |
| Allison H. Goddard | Lawrence O'Neill | John A. Behnke | Mary Greenwood |
| Gonzalo P. Curiel | Shiela K. Oberto | Yvette Reno | Debra Givens |
| Dana M. Sabraw | Allison Claire | Mark V. Bacciarini | Julia L. Scrogin |
| Barbara L. Major | Anthony W. Ishii | Francis Barclay | Stephen W. Berrier |
| John A. Houston | Jennifer L. Thurston | Steven Eller | Kathleen R. O'Connor |
| Jill L. Bartick | Gregory G. Hollows | Mark Magit | Benjamin Wirtschop |
| Cythia Bashant | Linda Lopez | Mark B. Simmons | D. M. S. |
| Jan M. Adler | Jeremy D. Peterson | Henry E. Needham Jr. | W. V. G. |
| Ruben B. Books | Michael L. Lon | Irene L. Bruiniers | A. G. S. |
| Andrew G. Schopler | Edmund F. Brennan | Sandra L. Margulies | G. P. C. |
| Barry T. Moskowitz | Amador S Hermanson | Barbara J. R. Jones | A. H. G |
| William Gallo | Dean Stout | Gordon B. Burns | R. B. B |
| Michael Anello | Brian J. Lamb | Lawrence D. Rubin | Floy E. Dawson |
| William Q. Hayes | Karrie Harris | Elizabeth A. Gimes | |
| Larry A. Burns | Steven M. Katz | Henry Hall | |
| Michael S. Berg | Steven Barnes | Vance C. Raye | |

Defendants

1 C.

## Introduction

All of the defendants are judges, that have been involved in some manner of the Plaintiff's quest for due process, have forfeited their judicial immunity for failure to comply with due process requirements. None of them have immunity because the court lacks jurisdiction of subject matter and of person required for judicial immunity, to exist.

There is no subject matter because the prosecutional conspiracy committed fraud upon the court to conceal an illegal search and seizure of the Plaintiff's phone records for (408) 446-3850. To conceal the 4th Amendment violation, they fraudulently claimed, to both the State and Federal Courts, that the records had been obtained by the FBI pursuant to a federal grand jury subpoena, That they knew never existed nor was it ever served.

The fraud vitiates everything, including the Plaintiff's conviction. And NONE of the proffered evidence of the subpoena is admissible because the subpoena was never entered on the court docket as an exhibit according to the rules of court / Evidence Code Rule 403.

Therefore, none of the judges involved in the Petitioner's quest for due process can claim judicial immunity, when there is no subject matter nor subject matter jurisdiction. But all had a duty owed to Steven Wayne Bonilla to declare the Alameda County Superior Court judgment in Case No. H-12210-A, void; pursuant to F.R.Civ.P. 12(h)(3), 60(b)(4), and California

-2-

Code of Civil Procedure §1102. Their failure to perform their ministerial duty owed to the Plaintiff, is simply a party in breach of contract, to perform a legal duty owed to the other and the right to seek a remedy for the breach of duties and the damages ensued from their breach of contract, regardless of them being judges. They are simply a party in breach of contract and had duty owed to the Plaintiff to perform under law.

Claim I

A judgment absolutely void upon its face may be attacked ANYWHERE, at any time and in any place, Extrinsic fraud or mistake, or a judgment void on the face of the judgment roll, are the ONLY cases where a collateral attack may be made in an independent, separate civil action. [31 Cal. 342; 148 Cal. app. 2d 845; 85 Cal. app. 2d 476; 246 Cal. app. 2d 334]. Challenging the court's lack of jurisdiction in a civil action. It is not a habeas corpus petition. Therefore, to claim that it is, to ignor the court's lack of authority, is a First amendment violation to deny the Petitioner meaningful access to the court to obtain due process.

Claim II

The principle of judicial immunity applies when there is jurisdiction of both subject matter and of person. A judge who acts in the complete absence of jurisdiction loses judicial immunity. And if the judge acts in the face of clearly valid statutes or case law, it expressly deprives him of jurisdiction and his judicial immunity is lost. [633 F. 2d 844].

Claim III

3-

In order to claim immunity from civil action for his acts, it is necessary that a judge be acting within his jurisdiction as to subject matter and person. [51 ariz 220, 223]. It is not available when he acts in the clear absence of all jurisdiction. [552 F. 2d 172 n 3]. In the absence of jurisdiction of subject matter or of person, a judge is not entitle to judicial immunity in a suit for damages that resulted from his action. [552 F. 2d 172 n 7], and if his acts, as here, were part of a conspiracy, he is properly held responsible for the consequences [633 F. 2d 844].

## Claim IV

The duty devolves upon the court "at any time" the jurisdictional question is presented to proceed no further until that question is determined, and a party cannot be precluded from raising the question for any reason, [116 F. 2d 449, 453, 67 F.R.D. 22, 25; 404 F. Supp 664, 665], nor can a party be barred from do so as a vexatious litigant, [49 US 495].

## Claim V

When a statute, or case law, authorizes a prescribed procedure, and the judge acts contray to authority thus conferred, he has failed to perform his ministerial duty, imposed by law, and arising under the conditions admitted by the FBI and State attorney General of facts showing the court's lack of subject matter jurisdiction, which nothing is left to determination, he is under a duty owed to the Petitioner to declare the Alameda County Superior Court judgment in Case No. H-12210-A, void.

## Claim VI

The Case Law, [99 Cal.App. 2d 523 n 8], is very clear. If the parties admit or stipulate, or fail to object to the evidence of, the facts showing a lack of jurisdiction, it is then established that the judgment is void as effectively as though shown by the record; and whenever such fact is brought to the attention of the court, it is the duty of the court to so declare as a matter of law.

The FBI, under a federal court order, [c-02-0636 MHP], admitted the federal grand jury, subpoena NEVER EXISTED NOR WAS IT EVER SERVED.

The State Attorney General, in an August 8, 2012 letter to the Plaintiff, admitted that the subpoena was never made part of the court docket as an exhibit.

These facts were brought to the attention of the court in every petition submitted or attempted to submit to the court. It was therefore, the duty of the judge to declare the Alameda County judgment null and void.

Claim VII

Once jurisdiction is challenged the court cannot proceed when it clearly appears, as here, that the court lacks jurisdiction, the court has no authority to reach merit, but must dismiss the action. [505 F.2d 1026].

The court may not rule without first determining that it has subject matter jurisdiction. Res judicata does not apply to a judgment or order that rest on a lack of jurisdiction as held by the Ninth Circuit [824 F.3d 1161];

A court cannot exercise jurisdiction in any instance until after it has acquired it, and it can only acquire it in the

-5-

mode prescribed by statute. [92 Cal, 47, 52; 217 Cal. app. 3d 247].

Where there is clearly no jurisdiction, as here, over the subject matter, any authority exercised is a USURPED AUTHORITY. NO EXCUSE IS PERMISSIBLE. [80 US 335 n 6].

It is well established that a judge is liable for acts committed to the damages of a plaintiff where he had no jurisdiction at all in the particular case. [217 miss 576 n 3]

Claim VIII

As a general rule, silence or inaction does not constitute acceptance of an offer, under California law, but where the previous course of dealing between, between the parties places the offeree under a duty, to act or be bound, his silence or inactivity will constitute his assent. [294 F. 3d 1104]. Silence when offer is made or failure to reject it, is an acceptance which constitutes a bilateral contract. [14 Cal. app. 3d 78 n 1].

A Contractual settlement agreement was made with the conspiracy for the damages ensued by them. Which included notice to the principals, was notice to the agents, and notice to the agents was notice to the principals. Wherefore, all parties who aided or participated in the conspiracy, as the defendants have done, are liable for the amount of damages agreed to in the Contractual Settlement agreement, [See Exhibit A].

Relief Sought

(1) Pursuant to 28 USC §1361 to compel the defendants to perform a duty owed to the Plaintiff to declare the alameda judgment void.

(2) To render a judgment in favor of the Plaintiff against the defendants in the amount of damages agreed to in the Contractual Settlement agreement (Exhibit A)

-6-

## Verification

I declare under penalty of perjury that the foregoing is true and correct, including exhibits, pursuant to 28 USC § 1746 at San Quentin State Prison, San Quentin, California.

Dated: April 23, 2020

Respectfully Submitted

Steven Wayne Bonilla

# EXHIBIT A

ACCOUNTING OF AMOUNT OF COMPENSATORY & PUNITIVE DAMAGES DUE:

The following compensatory damages were caused by the LIEN DEBTORS' violations of 18 U.S.C. §241, 813, 872, 1001, 1915, RICO §1961 et seq., 641; California Penal Code §125, 134, 153, 182(4)&(5), 186, 211, 418, 496, 518, 519, 532, 2112;& numerous sections of the Uniform Commercial Code §3-106, 3-108, 30110, 3-112 & Part 6.§9-601, et seq & et al §§.

(1) According to the Federal Bureau of Investigation (FBI), Report obtained via the Freedom of Information Act (FOIA), Sunstate Tropical Wholesale Nursery's financial accounts receivable, which was only comprised of money owed to Sunstate in promissory notes, balance on December 31, 1985, was FIFTEEN-MILLION, SEVEN-HUNDRED AND THIRTY-NINE-THOUSAND, EIGHT-HUNDRED AND SEVENTY-SEVEN DOLLARS AND SIXTY-SEVEN CENTS ON promissory notes, they were all bearing accrued interest at the rate of TEN PERCENT PER ANNUM. Due to non-performance and failure to make the annual payments as required by the contractural promissory notes an additional TEN PERCENT PENALTY PER ANNUM HAS BEEN ADDED FOR DEFAULTING on making the annual payments that were required to be done in accordance with the terms of the contractural agreements made in the promissory notes. Therefore, the balance due is calculated by the balance beginning with $15,739,877.67 on December 31, 1985, COMPOUNDED AT TWENTY PERCENT PER ANNUM UNTIL DEFAULT ON JANUARY 18, 2013, amounts to more than TWO-BILLION, ONE-HUNDRED & EIGHTY-TWO MILLION, TWO-HUNDRED & NINETY-THOUSAND DOLLARS. ($2,182,290,943.46).

(2) The Baritz Nightclub's revenue in January 1988, before Susan

PAGE 1 OF 4

Hanah Harris illegally and by fraud/oppression, seized management of the business on her own and implementing her own changes in managing the Baritz, expense was 4%, maintenance expense 3½%, sales tax 5½%, rent 6%, labor and general administration ran 29%, leaving a cash profit for Independent Caterers' 45% interest in the Baritz Nightclub to be $38,319.00 per month or $459,828.00 per year.  This makes the loss of income with the ten percent per annum adjustment, from January 1, 1988, until default on January 17, 2013, to amount to $47,818,838.65.  The value of a nightclub business is worth three times its cash profit for the year which made Independent Caterers' forty-five percent valued at $1,319,487.00 in January of 1988.  Which makes the current value, adjusted at ten percent per annum, to be $14,026,176.69 as of the default on January 17, 2013.  This brings the total loss and damages for Independent Caterers' forty-five percent interest in the Baritz Nightclub to be $61,908,015.34.

(3) The total compensatory damages and loss for the business known as Independent Caterers dba Sunstate Tropical Wholesale Nursery and the Baritz Nightclub's (forty-five percent interest) up until the default on January 17, 2013, is $2,244,199,878.25.

(4) Damages given in punitive statutes, for violation of Racketeering (RICO, 18 U.S.C. §1962, et seq.); and California Penal Code §496(c), are triple of the actual damages (compensatory damages), to $6,732,599,643.75; which is secured by the real and personal community property of the LIEN DEBTORS.

(5) The total tally of compensatory and punitive damages as of the day of default on January 17, 2013, is EIGHT-BILLION, NINE-HUNDRED AND SEVENTY-SIX-MILLION, SEVEN-HUNDRED AND NINE-THOUSAND, FIVE-HUNDRED

AND THIRTEEN-DOLLARS ($8,976,799,513.00).  This balance continues to accrue at the rate of ten percent per annum from the day of the default on January 18, 2013, until paid in full.  It is secured by real and personal community property of the LIEN DEBTORS; additional damages to be added upon discovery and proof.

(6) Under the applicable rules of law (California Penal Code Section 1202.4), to calculate the damages and liability for the members of the civil conspiracy (Defendants), for the false imprisonment of Sunstate's President it is based on the twelve months of income prior to the false imprisonment of its President, which began on September 20, 1988.  The income for those twelve months is what is owed Sunstate Tropical Wholesale Nursery, which is , the income owed Independent Caterers, Inc., on its fourty-five percent interest in the Baritz Nightclub, from September 20, 1987 until September 19, 1988, which in turn is its President's income for the same period.  Based on the calculations stated above, the income for the twelve months prior to the false imprisonment is nineteen-million, nine-hundred and twenty-six-thousand, one-hundred and five-dollars and four cents   ($19,926,105.04), with the base income adjusted ten percent per annum and the balance accrued at the rate of ten percent per annum from September 20, 1988 until the second default on August 3, 2013, the balance owed for the false imprisonment of Sunstate's President is four-Billion, eight-hundred and fourteen-million, two-hundred and seventy-seven-dollars and thirty-five cents ($4,814,277,377.35).  Damage given by punitive statutes for violation of Racketeering (RICO, 18 U.S.C. §1962, et seq.); and California Penal Code §496(c), are triple of the actual damages given by punitive statutes, brings the punitive damages due as of the day of

default (August 3, 2013) to $14,442,832,132.05, which is secured by real and personal community property of the LIEN DEBTORS.

(7) The total tally of compensation and punitive damages for the false imprisonment of Sunstate's Presidents as of the day of default on August 3, 2013 is nineteen-billion, two-hundred and fifty-seven-million, one-hundred and nine-thousand, five-hundred and nine-dollars and forty-cents. (#19,257,109,509.40).  This balance continues to accrue at the rate of ten percent per  annum from the day of the dafault on August 3, 2013 and at the rate of $7,185,666.42 per day until September 19, 2013 and from September 20, 2013 until September 19, 2014 at the rate of $8,130,285.28 per day and from September 20, 2014 until September 19, 2015 at the rate of $9,191,465.22 per day, etc., or until such time as the false imprisonment ceases to continue; and until paid in full.  It is secured by the real and personal community property of the LIEN DEBTORS

DATED: __11- 21- 12__

The foregoing is declared true and correct under penalty of perjury under the laws of California and the United States of America this __21__ day of NOVEMBER 201  at Tamal, Ca. 94974          *Steven Bonilla*

DATED: 11- 21- 12

STEVEN BONILLA    AFFIANT, OWNER & MEMBER OF THE BOARD OF DIRECTORS AUTHORIZED TO ACT FOR AND ON BEHALF OF INDEPENDENT CATERERS, INC.

=--

"AFFIDAVIT OF NOTICE OF DEFAULT"

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: State of California Attorney General Kamala Harris, Dan Lockyear, Bruce Ortega, Rei R. Onishi, Kathleen Boergers, Office of Attorney General, 455 Golden Gate Ave, Ste. 11000 San Francisco, CA 94102-7004

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)   7011 1570 0000 4010 1350

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER:**
■ Complete items 1 and/or 2 for additional services.
■ Complete items 3, 4a, and 4b.
■ Print your name and address on the reverse of this form so that we can return this card to you.
■ Attach this form to the front of the mailpiece, or on the back if space does not permit.
■ Write "Return Receipt Requested" on the mailpiece below the article number.
■ The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to: State of California, Attorney General Kamala Harris, Dan Lockyer, Bruce Ortega, Rei R. Onishi, Kathleen Boergers, Office of Attorney General, etal. 455 Golden Gate Ave, Ste. 11000 San Francisco, CA 94102-7004

4a. Article Number
7011 1570 0000 4010 1343

4b. Service Type
☐ Registered  ☒ Certified
☐ Express Mail  ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery   1/22/13

5. Received By: (Print Name)   Deana Johnson

6. Signature: (Addressee or Agent)
X [signature]

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1994    102595-97-B-0179    Domestic Return Receipt

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

---

**SENDER:**
■ Complete items 1 and/or 2 for additional services.
■ Complete items 3, 4a, and 4b.
■ Print your name and address on the reverse of this form so that we can return this card to you.
■ Attach this form to the front of the mailpiece, or on the back if space does not permit.
■ Write "Return Receipt Requested" on the mailpiece below the article number.
■ The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to: State of California, Attorney General, et. al 455 Golden Gate Avenue, Suite 11000 San Francisco, CA 94102-7004

4a. Article Number
7011 1570 0000 4017 6976

4b. Service Type
☐ Registered  ☒ Certified
☐ Express Mail  ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery   7/1/13

5. Received By: (Print Name)

6. Signature: (Addressee or Agent)
X [signature]

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1994    102595-97-B-0179    Domestic Return Receipt

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JAMES BRYAN FUQUA
1625 THE ALAMEDA, Ste. 260
SAN JOSE, CA 95126

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]    ☐ Agent    ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
Micki Nelson    12/26/12

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7011 1570 0000 4010 1305

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Alameda County District
attorney, et, al.,
1225 Fallon Street #900
Oakland, CA 94612
7011 1570 0000 4017 6990

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Teresa Wright    ☐ Agent    ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
   7/1/13

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7011 1570 0000 4017 6990

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:
attorney General of the U. S.,
U.S. attorney's office,
FBI, et, al.,
P.O. Box 36055
San Francisco, CA 94102

4a. Article Number
7011 1570 0000 4017 6952

4b. Service Type
☐ Registered    ☒ Certified
☐ Express Mail    ☐ Insured
☐ Return Receipt for Merchandise    ☐ COD

7. Date of Delivery
6-17-13

5. Received By: (Print Name)
MIKE ROSS

8. Addressee's Address (Only if requested and fee is paid)

6. Signature: (Addressee or Agent)
X [signature]

PS Form 3811, December 1994    102595-97-B-0179    Domestic Return Receipt

*Is your RETURN ADDRESS completed on the reverse side?*

*Thank you for using Return Receipt Service.*

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AT&T
208 S. AKARD ST.
DALLAS, TX 75202

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _S. Card_     ☑ Agent
              ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
S LAND                          11-15-11

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:       ☑ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☒ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7005 0390 0005 6698 9201

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

- Sender: Please print your name, address, and ZIP+4 in this box •

STEVE HOMICK
J-48900
SAN QUENTIN STATE PRISON
SAN QUENTIN, CA 94964

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to: JAMES LOPEZ, SHERIFF'S OFFICE, WASHOE COUNTY, WASHOE COUNTY DISTRICT ATTONEY, ET. AL, P.O. BOX 11130, RENO, NV 89520

4a. Article Number
7011 1570 0000 4017 7034

4b. Service Type
- ☐ Registered
- ☒ Certified
- ☐ Express Mail
- ☐ Insured
- ☐ Return Receipt for Merchandise
- ☐ COD

7. Date of Delivery

5. Received By: (Print Name)

8. Addressee's Address (Only if requested and fee is paid)

6. Signature: (Addressee or Agent)
X  APRIL DULONG

PS Form **3811**, December 1994     102595-97-B-0179     Domestic Return Receipt

*Is your RETURN ADDRESS completed on the reverse side?*
*Thank you for using Return Receipt Service.*

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to: California Department of Correction & Rehabilitation, Dr. Jeffrey Beard-Secretary et al, 1515 South Street #502-S, Sacromento, CA 95811

4a. Article Number
7011 1570 0000 4017 7041

4b. Service Type
- ☐ Registered
- ☒ Certified
- ☐ Express Mail
- ☐ Insured
- ☐ Return Receipt for Merchandise
- ☐ COD

7. Date of Delivery
JUL 03 2013

5. Received By: (Print Name)

8. Addressee's Address (Only if requested and fee is paid)
CALIFORNIA DEPT OF CORRECTIONS & REHABILITATION

6. Signature: (Addressee or Agent)
X

PS Form **3811**, December 1994     102595-97-B-0179     Domestic Return Receipt

*Is your RETURN ADDRESS completed on the reverse side?*
*Thank you for using Return receipt Service.*

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: California Correctional Peace Officers association et. al
755 Riverpoint Drive
West Sacramento
CA 95605-1634

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                              ☐ Agent
                               ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
C. Lee                             12-20-13

D. Is delivery address different from Item 1?  ☐ Yes
If YES, enter delivery address below:           ☐ No

3. Service Type
- ☒ Certified Mail
- ☐ Express Mail
- ☐ Registered
- ☐ Return Receipt for Merchandise
- ☐ Insured Mail
- ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
(Transfer from service label)
7011 1570 0000 4010 1510

PS Form **3811**, February 2004     Domestic Return Receipt     102595-02-M-1540

Case 4:20-cv-04304-PJH    Document 1    Filed 06/29/20    Page 19 of 20

Gorille J. 48580
2.R., CA 94974

U. S. District Court
280 S. First Street #2112
San Jose, CA 95113

**RECEIVED**

APR 3 0 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

ZIP 94964  $ 000.95⁰
02 1W
0001397520 APR 28 2020

U.S. POSTAGE ≫ PITNEY BOWES

