# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>Plaintiffs,<br><br>v.<br><br>Defendants. | Case Nos. 20-cv-04301-PJH<br>20-cv-04303-PJH<br>20-cv-04304-PJH<br>20-cv-04305-PJH<br>20-cv-04306-PJH<br>20-cv-04307-PJH<br>20-cv-04308-PJH<br>20-cv-04309-PJH<br>20-cv-04310-PJH<br>20-cv-04311-PJH<br>20-cv-04313-PJH<br>20-cv-04315-PJH<br>20-cv-04316-PJH<br>20-cv-04317-PJH<br>20-cv-04318-PJH<br>20-cv-04319-PJH<br><br>**ORDER DISMISSING MULTIPLE CASES WITH PREJUDICE** |

Plaintiff, a state prisoner, has filed multiple pro se civil rights complaints under 42 U.S.C. § 1983. Plaintiff is a condemned prisoner who also has a pending federal habeas petition in this court with appointed counsel. *See Bonilla v. Ayers*, Case No. 08-0471 YGR. Plaintiff is also represented by counsel in state court habeas proceedings. *See In re Bonilla*, Case No. 20-2986 PJH, Docket No. 1 at 7

In these civil rights cases plaintiff names as defendants' various federal judges, state judges, municipalities and other court officials. Plaintiff presents very similar claims in all these cases. He seeks relief regarding his underlying conviction or how his various pro se habeas petitions and other cases were handled by the state and federal courts.

To the extent that plaintiff seeks to proceed *in forma pauperis* (IFP) in these cases,

1  he has been disqualified from proceeding IFP under 28 U.S.C. § 1915(g) unless he is
2  "under imminent danger of serious physical injury" at the time he filed his complaint.  28
3  U.S.C. 1915(g); *In re Steven Bonilla*, Case No. 11-3180 CW; *Bonilla v. Dawson*, Case
4  No. 13-0951 CW.

5      The allegations in these complaints do not show that plaintiff was in imminent
6  danger at the time of filing.  Therefore, he may not proceed IFP.  Moreover, even if an
7  IFP application were granted, his lawsuits would be barred under *Heck v. Humphrey*, 512
8  U.S. 477, 486-87 (1994), *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), *Demos v. U.S.*
9  *District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) or *Mullis v. U.S. Bankruptcy Court*,
10 828 F.2d 1385, 1393 (9th Cir. 1987).  Accordingly, the cases are dismissed with
11 prejudice.

12     Furthermore, these are not cases in which the undersigned judge's impartiality
13 might be reasonably questioned.  *See United States v. Holland*, 519 F.3d 909, 912 (9th
14 Cir. 2008) (absent legitimate reasons to recuse himself or herself, a judge has a duty to
15 sit in judgment in all cases assigned to that judge).

16     The clerk shall terminate all pending motions and close these cases.  The clerk
17 shall return, without filing, any further documents plaintiff submits in these closed cases.

18 **IT IS SO ORDERED.**

19 Dated: July 6, 2020

                                          */s/ Phyllis J. Hamilton*
                                          PHYLLIS J. HAMILTON
                                          United States District Judge